**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL HOWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-CV-765-NCC |
| | ) | |
| ST. LOUIS COUNTY JAIL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Michael Howell, an inmate at the St. Louis County Jail, for leave to commence this civil action without prepaying fees or costs. The Court has reviewed the motion, and has determined to grant it and assess an initial partial filing fee of $1. Additionally, for the reasons discussed below, the Court will give plaintiff the opportunity to file an amended complaint.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has not provided the Court with a certified copy of his inmate account statement. However, based upon plaintiff's averments in the instant motion, the Court has determined to assess an initial partial filing fee of $1.00, an amount that is reasonable based upon the information before the Court. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances.").

### Legal Standard on Initial Review

This Court is required to review complaint filed *in forma pauperis*, and must dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must

2

assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff filed the complaint pursuant to 42 U.S.C. § 1983 against the St. Louis County Jail, and the following twelve individuals: Lieutenants Reed, Porter, Corona, Sutherlin, Mohler, Woods, O'Brien, and Hayden; Officers Mitchell and Roberson; and Captains Bracy and Ishmon. Plaintiff also avers he intends to sue "[a] host of other officers." (ECF No. 1 at 2). Plaintiff identifies the defendants as employees of the St. Louis County Jail, and he sues them in their official capacities. Plaintiff did not sign the complaint.

It appears plaintiff intends to bring claims of excessive force and inadequate medical care. He alleges as follows. On October 24, 2019, plaintiff had "a disagreement with C/O Roberson which was escalating due to how she talks down to inmates." *Id.* at 6. Plaintiff needed

3

to "cool off," but was "confronted by C/O's and Lt. Porter" and "received the same treatment as from C/O Roberson." *Id.* Plaintiff was "pepper sprayed and tasered," and "excessive force and restraint chair [were] used against" him. *Id.* Plaintiff has medical conditions of which unidentified corrections staff and medical staff were aware, but he was still "humiliated, belittled and forced to sit in a restraint chair." *Id.* Plaintiff is in pain, but has "not received any further treatment from medical." *Id.* at 7. He seeks $30 million in damages.

Attached to the complaint are copies of plaintiff's medical records, and a copy of a detailed October 24, 2019 Incident Report that was apparently prepared by Porter. In the complaint, plaintiff refers to the Incident Report as the "C/O staff's version of how things escalated." *Id.* at 6. Also attached are two sheets of notebook paper. On the first page, plaintiff describes becoming upset when told he could not immediately speak to his case worker. It appears plaintiff intends to claim that Lt. Porter sprayed him with mace, but that is not entirely clear. Plaintiff threw his storage tote, but did not hit anyone. Plaintiff writes: "All I'm saying is that that was a lot of force used on a 60 year old man with COPD" and a hip replacement, diabetes, arthritis, and cardiac issues. (ECF No. 1-6 at 1). On the second page, plaintiff avers he has not been eating food from his tray "because the food is not cooked for me to eat. The beans are so raw that they hurt my gums because I have no teeth. I am a heart patient. The only thing the staff seem to care about is themsel[v]es." *Id.* at 2.

### Discussion

As noted above, plaintiff failed to sign the complaint. Rule 11 of the Federal Rules of Civil Procedure requires an unrepresented party to personally sign all of his pleadings, motions, and other papers, and directs this Court to "strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." In this case, however, it

4

would be futile to return the complaint to plaintiff for signature because the complaint fails to state a claim upon which relief may be granted, and is therefore subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff's claims against the St. Louis County Jail fail because that entity is a department or subdivision of local government, not an entity subject to suit under 42 U.S.C. § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992). Plaintiff's official capacity claims against the individual defendants also fail. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Here, plaintiff identifies the defendants as employees of the St. Louis County Jail which, as noted above, is not an entity that is subject to suit under § 1983. Finally, the complaint contains no allegations of a policy or custom of unconstitutional action, as would be required to state a municipal liability claim. *See Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978).

Even if plaintiff had named the jail official defendants in their individual capacities, the complaint would be dismissed. Plaintiff's allegations are entirely conclusory, and give no idea what each individual defendant did or failed to do that could result in liability. While it appears plaintiff intends to claim he was subjected to excessive force, the complaint fails to state a plausible excessive force claim because it contains no facts that would establish that any defendant purposely or knowingly used force that was "objectively unreasonable." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). *See also Ryan v. Armstrong*, 850 F.3d 419, 427 (8th Cir. 2017). It also appears plaintiff intends to claim he was denied adequate medical care. However, the complaint fails to state a plausible medical mistreatment claim because it contains no facts that would establish that any defendant actually knew of, and yet deliberately

5

disregarded, a serious medical need.  *See Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011). The Court will give plaintiff the opportunity to file an amended complaint to clearly set forth the allegations in support of his claims.

Plaintiff is warned that the amended complaint will replace the original complaint.  *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect").  Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.").

In the "Caption" section of the amended complaint, plaintiff must state the first and last name, to the extent he knows it, of each defendant he wants to sue.  *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties").  Plaintiff should also indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.[1] Plaintiff should avoid naming anyone as a defendant unless that person is directly related to his claim.

In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name.  In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant.  *See* Fed. R. Civ. P. 8(a).  Each averment must be simple, concise, and direct.  *See id.*  Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances."  *See* Fed. R. Civ. P. 10(b).  If plaintiff names a single defendant, he

---

[1] The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

may set forth as many claims as he has against that defendant.  *See* Fed. R. Civ. P. 18(a).  If

plaintiff names more than one defendant, he should only include claims that arise out of the same

transaction or occurrence, or simply put, claims that are related to each other.  *See* Fed. R. Civ. P.

20(a)(2).

It is important that plaintiff allege facts explaining how each named defendant was

personally involved in or directly responsible for harming him.  *See Madewell v. Roberts,* 909

F.2d 1203, 1208 (8th Cir. 1990).  Plaintiff must explain the role of the defendant, so that the

defendant will have notice of what he or she is accused of doing or failing to do.  *See Topchian v.*

*JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential

function of a complaint "is to give the opposing party fair notice of the nature and basis or

grounds for a claim.").  Furthermore, the Court emphasizes that the "Statement of Claim"

requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of

action."  *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this

action without prepaying fees or costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order,

plaintiff must pay an initial filing fee of $1.00.  Plaintiff is instructed to make his remittance

payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his

prison registration number; (3) the case number; and (4) the statement that the remittance is for

an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff a copy of the Court's

prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, plaintiff must file an amended complaint in accordance with the instructions herein.

**Plaintiff's failure to timely comply with this order may result in the dismissal of this case, without prejudice and without further notice.**

Dated this 1st day of October, 2021.

        /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE